IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-00088-PAB

In re: CENTRIX FINANCIAL, LLC

CENTRIX FINANCIAL LIQUIDATING TRUST, et al.,

    Plaintiffs,

v.

ROBERT E. SUTTON, et al.,

    Defendants.

_____

# ORDER
_____

This matter comes before the Court on the Demand for Jury Trial and Motion for Withdrawal of Reference [Docket No. 1] filed by defendants[1] Robert E. Sutton ("Sutton"); 6762 Potomac, LLC ("Potomac"); Centrix Consolidated, LLC; Founders Insurance Company, Ltd.; Johnson Street Holdings, LLC; RES Capital Holdings, Inc.; Williston Holdings, Ltd.; Grand Construction, LLC; Harrison Custom Builders, Ltd.; Design Management, Inc.; Katherine Sutton; Julie Sutton; Elizabeth Sutton; David Sutton; Birdie, LLC; Julie L. Sutton Revocable Trust; and Potomac Aviation, LLC (collectively, the "Sutton defendants"); defendant Gerald Fitzgerald's Demand for Jury

---

[1] Some defendants in the underlying adversary proceeding have not moved for withdrawal of the reference to the bankruptcy court, namely, Lyndon Property Insurance Company and Dyerwhite Construction, LLC and, thus, are not affected by any relief ordered herein. Similarly, Phoenix Capital Management and Howard Klemmer were dismissed by plaintiffs from the adversary proceeding on March 16, 2009 [Adversary Proceeding No. 08-01593-EEB, Docket No. 110].

Trial and Joinder in Motion for Withdrawal of Reference [Docket No. 4]; and defendants Roland Anderson's ("Anderson") and John Schreven's ("Schreven") Joinder in Motion for Withdrawal of Reference and Demand for Trial by Jury [Docket No. 5][2]. Plaintiffs filed a response to these motions [Docket No. 6], and the Sutton defendants filed a reply brief [Docket No. 11]. The motion for withdrawal of reference is ripe for decision.

**I. BACKGROUND**

The motion for withdrawal of reference before the Court arises from an Adversary Proceeding that is pending in the United States Bankruptcy Court for the District of Colorado, No. 08-01593-EEB. Pursuant to an order in the underlying bankruptcy case, No. 06-16403-EEB, confirming the Second Amended Liquidating Chapter 11 Plan, as modified, plaintiff Centrix Financial Liquidating Trust ("Trust") is the successor-in-interest to the debtors, Centrix Financial LLC ("Centrix") and certain other entities associated with Centrix. Under the confirmed Plan, plaintiff Jeffrey A. Weinman ("Trustee") has authority to commence adversary proceedings to enforce any claim belonging to the debtors and, consequently, the Trust. [Bankruptcy Case No. 06-16403-EEB, Docket No. 1831 at Art. 10, ¶ A]. Trustee commenced the Adversary Proceeding at issue on September 3, 2008 and filed a First Amended Complaint on September 18, 2008. After obtaining extensions of time in which to respond to the amended complaint, the Sutton defendants filed their demand for jury trial and motion

---

[2] Since filing their original motion for withdrawal of reference, the Sutton defendants have twice filed papers purporting to contain "Renewed and Restated" motions to withdraw reference [Docket Nos. 15, 19]. While such filings are unnecessary, and improper under the Federal Rules of Civil Procedure, the Local Rules of this District, and my Practice Standards, to the extent these "motions" raise identical issues to the motion for withdrawal of reference, they are encompassed by the discussion and rulings contained in this Order.

for withdrawal of reference on November 17, 2008.[3]

## II.  ANALYSIS

Under 28 U.S.C. § 157(d), the district court may withdraw its reference of a case to bankruptcy court on motion of a party or on its own motion "for cause shown" and must withdraw the reference in certain circumstances where the proceedings implicate both the provisions of Title 11 of the United States Code and other sources of federal law.  28 U.S.C. § 157(d) (2006).  Neither plaintiffs nor defendants contend that withdrawal is mandatory in this case, and the Court agrees.  Because bankruptcy courts may not conduct jury trials, *In re Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir. 1990), proof of a right to a jury trial may constitute cause for permissive withdrawal.  *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

In their First Amended Complaint filed in the adversary proceeding, plaintiffs allege fifteen claims for relief against some or all of the twenty-five defendants named therein.  Certain of these claims are legal in nature and, therefore, implicate the right to a jury trial of those defendants that have timely requested a jury trial, moved for transfer to this Court, and not waived their jury trial right.  *See In re Latimer*, 918 F.2d 136, 137 (10th Cir. 1990) ("to avoid waiver, parties seeking a jury trial must combine their request for a jury trial with a request for transfer to the district court").  For example, in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 64 (1989), the Supreme Court held that

---

[3] The jury demand and motion for withdrawal originally were filed in Civil Action No. 08-cv-02602-PAB.  The instant case, Civil Action No. 09-cv-00088, was initiated in response to the Sutton defendants' duplicate filing of the jury demand and motion for withdrawal.  Even though the docket of the instant case has superseded the earlier case, the Court refers to the dates on which papers were originally filed in Case No. 08-cv-02602 for purposes of its analysis of the issues raised in the motion for withdrawal.

fraudulent conveyance claims are legal claims to be tried to a jury, absent waiver of the right to jury trial. So, too, are plaintiffs' claims for conversion, *see Ross v. Bernhard*, 396 U.S. 531, 533 (1970), and civil conspiracy. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 512-13 (1959) (Stewart, J., dissenting). While it is clear that some of the claims asserted in the First Amended Complaint implicate the right to trial by jury preserved by the Seventh Amendment, for the reasons discussed below, a detailed analysis of which of plaintiffs' fifteen claims are triable to a jury is premature at this time.

Plaintiffs contend that some of the moving defendants have waived their right to a jury trial. This argument is premised on the doctrine that a creditor submits to the equitable jurisdiction of the bankruptcy court by filing a claim against the bankruptcy estate. As the Supreme Court explained:

> by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity.

*Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (per curiam). Citing this doctrine, some courts have held that a creditor waives a right to trial by jury under the Seventh Amendment by filing a claim against the bankruptcy estate, without further inquiry into the nexus between the claims made against the estate and the claims asserted against the creditor in the adversary proceeding. *See, e.g.*, *In re Barnes*, No. 08-cv-00547-LTB, 2008 WL 2979716, *1 (D. Colo. July 31, 2008) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56-58 (1989)). Other courts hold that a creditor submits to the bankruptcy

court's equitable jurisdiction only to the extent its claim against the estate implicates the "claims-allowance process." *See*, *e.g.*, *Germain v. Connecticut Nat. Bank*, 988 F.2d 1323, 1327 (2d Cir. 1993).

Sutton, Potomac, Anderson, and Schreven admit that they have filed claims against the estate in the bankruptcy case. However, these defendants argue that, applying the more restrictive view of waiver endorsed by the Second Circuit in *Germain v. Connecticut National Bank*, they maintain their jury trial rights because the claims asserted in the First Amended Complaint do not directly address their proofs of claim. Even under the rule enunciated in *Germain v. Connecticut National Bank*, these defendants' argument goes too far. One of the plaintiffs' claims – count ten for disallowance of claims, which is pled against all defendants who have filed or will file claims against the estate – explicitly involves the claims-allowance process and implicates Sutton, Potomac, Anderson, and Schreven's claims. Moreover, 11 U.S.C. § 502(d) provides that "the court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section . . . 544 . . . [or] 548 . . . of this title." The First Amended Complaint includes claims under 11 U.S.C. §§ 544, 548, and 550 that are pled against some or all of the claiming defendants. With respect to plaintiffs' claims for disallowance of claims against the estate, avoidance and recovery of fraudulent transfers, and avoidance and recovery of preferential transfers, it follows that Sutton, Potomac, Anderson, and Schreven may have no right to a jury trial.

Considerations of efficiency and judicial economy, however, counsel against determining whether each of these defendants has or has not waived the right to a jury

trial on each claim asserted in the First Amended Complaint. Rather, review of the First Amended Complaint reveals that the claims alleged against all defendants named therein stem from the same set of operative facts. To conduct a jury trial for a subset of the defendants and require other defendants to have a bench trial before the bankruptcy court on claims for which they have relinquished their jury trial right by filing claims against the estate would be manifestly inefficient. Instead of mandating parallel bench and jury trials before two courts, I will exercise my discretion to submit to a jury all claims for which a right to jury trial exists, notwithstanding waiver of such right, with respect to all defendants that remain parties to this case at the time of trial. *See S.R. Hazelrigg v. American Fidelity & Cas. Co.*, 241 F.2d 871, 873 (10th Cir. 1957) ("where the right to demand a jury has been waived, the trial court is vested with a broad degree of discretion in determining whether a jury trial shall nonetheless be granted"). Finding that a jury trial will be necessary, at least with respect to the legal claims that remain when this case is ready for trial, I now turn to the issue of when the reference to the bankruptcy court should be withdrawn.

In their motion, the Sutton Defendants contend that because some of them have a right to a jury trial on some of the claims pled in the First Amended Complaint, the reference of this matter to bankruptcy court should immediately be withdrawn. Because such a course of action is not mandated under the Seventh Amendment or § 157(d) and would contravene the well-founded practice of courts in this District, I decline to withdraw the reference at this stage of the proceedings.

While a party's right to a jury trial on some or all claims raised in an adversary proceeding may constitute cause for withdrawal of the reference to bankruptcy court, it

is within the district court's discretion to determine at what stage in the proceedings the reference should be withdrawn. *In re Orion Pictures*, 4 F.3d at 1101; *In re HealthCentral.com*, 504 F.3d 775, 787-88 (9th Cir. 2007); *In re Hardesty*, 190 B.R. 653, 656 (D. Kan. 1995). Courts in this District have repeatedly held that where the bankruptcy court possesses more familiarity with facts of a case incident to its management of the bankruptcy proceedings, withdrawal of the reference to bankruptcy court should be delayed until the case is ready for trial. *See, e.g.*, *In re Kirk E. Douglas, Inc.*, 170 B.R. 169, 170 (D. Colo. 1994); *In re M & L Bus. Mach. Co., Inc.*, 159 B.R. 932, 934 (D. Colo. 1993). Similarly, other courts "universally" hold that "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court." *In re HealthCentral.com*, 504 F.3d at 787 (collecting cases). This practice honors the Seventh Amendment's guarantee that "the right of trial by jury shall be preserved," U.S. Const. amend. VII, while furthering the congressional policies underlying the statutory bankruptcy scheme set forth in Title 11 of the United States Code.

With respect to a litigant's right to a jury trial, allowing the bankruptcy court to supervise discovery, conduct pretrial conferences, and rule on pretrial motions – including dispositive motions – does not infringe on the right to trial by jury. Motions to dismiss and motions for summary judgment "merely involve legal issues as to whether *any* trial is necessary." *In re M & L Bus. Mach. Co.*, 159 B.R. at 935 (quoting *City Fire Equip. Co. v. Ansul Fire Prot. Wormald U.S., Inc.*, 125 B.R. 645, 649 (N.D. Ala. 1989)). As the Ninth Circuit explained in *In re HealthCentral.com*, 505 F.3d at 787-88,

"Congress has empowered the bankruptcy courts to 'hear' Title 11 actions, and in most cases enter relevant 'orders.'" (citing 11 U.S.C. §§ 157(b)(1), (c)(1)).  Because "this system promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them," district courts would undermine the statutory scheme by immediately withdrawing the bankruptcy court reference in every case merely because there is a right to jury trial on some claims.  *Id.*; *see also In re Kirk E. Douglas, Inc.*, 170 B.R. at 170 (holding that judicial economy would be furthered by allowing the reference to stand during the pendency of pretrial proceedings).

Maintaining the reference in this matter until it is ready to proceed to trial will adequately protect the defendants' rights under the Seventh Amendment while advancing considerations of judicial economy underlying the provisions of Title 11. Bankruptcy Judge Elizabeth E. Brown has presided over the underlying bankruptcy case since September 2006 and has familiarity with the underlying procedural and substantive facts so as to allow efficient pretrial case management.  The Court therefore defers withdrawal of the reference of this matter to the bankruptcy court until the case is ready for trial.  At such time, the Court will address the issue of which of plaintiffs' claims, if any, must be tried to a jury because they are legal in nature.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Sutton defendants' motion for withdrawal of reference [Docket No. 1] is GRANTED in part and DENIED in part.  The motion is granted to the

extent that the reference of this case to the United States Bankruptcy Court for the District of Colorado shall be withdrawn when the case is ready for trial as to any claims on which the parties to the motion have a right to a jury trial, notwithstanding waiver of any such right, and which have not been resolved during pretrial proceedings.  The motion is denied to the extent it requests immediate withdrawal of the reference.  The bankruptcy court may conduct all pretrial proceedings consistent with Title 11 of the United States Code.  It is further

**ORDERED** that the Sutton defendants' purported Renewed and Restated Motions to Withdraw Reference [Docket Nos. 15, 19] are GRANTED in part and DENIED in part on the same terms as set forth above.  It is further

**ORDERED** that the parties to the motion for withdrawal of reference [Docket No. 1], including defendants Anderson, Schreven, and Gerald Fitzgerald who joined therein, shall submit briefing to the Court at the time that the case is ready for trial on the issue of which claims remain in the case for which there is a right to trial by jury.  The format and schedule of such briefing and plaintiffs' response thereto shall conform to the Practice Standards (Civil cases) of this Court and D.C.COLO.LCivR 7.1(C).

DATED June 8, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge