IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00088-PAB

In re: CENTRIX FINANCIAL, LLC

CENTRIX FINANCIAL LIQUIDATING TRUST, et al.,

    Plaintiffs,

v.

ROBERT E. SUTTON, et al.,

    Defendants.

_____

## ORDER
_____

    This matter is before the Court on plaintiffs' motion to reopen this administratively closed case and to set a trial date [Docket No. 22]. No defendant has filed a response to the motion.

    On June 8, 2009, the Court granted in part and denied in part [Docket No. 20] the motion for withdrawal of reference [Docket No. 1] and the renewed motions to withdraw reference [Docket Nos. 15, 19] filed by defendants Robert E. Sutton; 6762 Potomac, LLC; Centrix Consolidated, LLC; Founders Insurance Company, Ltd.; Johnson Street Holdings, LLC; RES Capital Holdings, Inc.; Williston Holdings, Ltd.; Grand Construction, LLC; Harrison Custom Builders, Ltd.; Design Management, Inc.; Katherine Sutton; Julie Sutton; Elizabeth Sutton; David Sutton; Birdie, LLC; Julie L. Sutton Revocable Trust; and Potomac Aviation, LLC (collectively, the "Sutton defendants"). The Court granted the motions to the extent that the reference of this

case to the United States Bankruptcy Court for the District of Colorado shall be withdrawn when the case is ready for trial as to any claims on which the parties to the motion have a right to a jury trial, notwithstanding waiver of any such right, and which have not been resolved during pretrial proceedings.  Furthermore, the Court administratively closed this case on January 6, 2011.  *See* Docket No. 21.  The Court stated that, in the event the case becomes ready for trial as to any claims on which the parties to the motion have a right to a jury trial, notwithstanding waiver of any such right, and which have not been resolved during pretrial proceedings, the parties may seek to have the case reopened.  *See id.*

In the present motion, plaintiffs contend that discovery has been completed and that all the motions for summary judgment were denied by the Bankruptcy Court. Plaintiffs represent that their claims are now ready for trial.  Therefore,  plaintiffs make the following requests, which no defendant has opposed: (1) that the case be reopened; (2) that each defendant be required to submit a brief identifying which claims on which each defendant asserts a right to a jury trial; and (3) that dates be set for "completing the pre-trial order and all other necessary pre-trial steps."  *See* Docket No. 22 at 5.  The Court having reviewed the motion, it is

**ORDERED** that plaintiffs' motion to reopen this administratively closed case and to set a trial date [Docket No. 22] is GRANTED in part and DENIED in part.  It is further

**ORDERED** that this case shall be reopened.  It is further

**ORDERED** that, within twenty one days of entry of this order, defendants shall file briefs addressing whether they have a right to a jury trial on any of plaintiffs' claims.

Plaintiffs may file a response within twenty one days of any such brief.  Defendants may reply to any response within fourteen days.  It is further

**ORDERED** that, to the extent plaintiffs request that other deadlines be imposed regarding pre-trial proceedings such as the filing of a proposed final pretrial order, the motion is DENIED.  Upon review of the briefing referred to above, the Court will inform the parties of the subsequent steps in the pretrial proceedings, including the scheduling of a trial date.

DATED February 9, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge