IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00088-PAB-CBS

In re: CENTRIX FINANCIAL, LLC, et al.,

Debtors,

CENTRIX FINANCIAL LIQUIDATING TRUST, et al.,

     Plaintiffs,

v.

ROBERT E. SUTTON, et al.,

     Defendants.
_____

**ORDER**
_____

     This matter is before the Court on the Unopposed Motion to Consolidate [Docket

No. 34] filed by plaintiffs Centrix Financial Liquidating Trust (the "Trust") and Jeffrey A.

Weinman, in his capacity as trustee, on April 22, 2013.  Plaintiffs seek an order

consolidating this case with a related case, 9-cv-01542-PAB-CBS, pending before the

Court.  Defendants in this case do not oppose consolidation.  Docket No. 34 at 2.

     Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions

before the court involve a common question of law or fact, the court may . . .

consolidate the actions."  FED. R. CIV. P. 42(a)(2).  The decision whether to consolidate

actions involving common questions of law or fact is committed to the sound discretion

of the district court.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  The

purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its

docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.,* 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2381 at 427 (2nd ed. 1995)).  Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a).  *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Both of the cases in question were brought by the same plaintiffs, involve essentially the same facts, and seek to answer the same question: "whether the conduct of Robert Sutton and other Centrix officers was dishonest or fraudulent." Docket No. 34 at 4.  Over twenty individuals have been identified as potential witnesses in both cases and eleven individuals were deposed in both cases.  Docket No. 34 at 5-6; *see* Docket No. 34-8.  Both cases are poised to proceed to trial as summary judgment motions have been denied and discovery is nearly complete.  *See Weinman v. Sutton*, No. 08-01593-EEB (Bankr. Colo.), Docket Nos. 245, 278, 281, 284; *Centrix Financial Liquidating Trust v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 09-01150-EEB (Bankr. Colo.), Docket Nos. 80, 112, 172.  Therefore, because the cases involve common questions of law and fact, *Centrix Financial Liquidating Trust v. Sutton*, No. 09-cv-00088-PAB-CBS, and *Centrix Financial Liquidating Trust v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 09-cv-01542-PAB-CBS, shall be consolidated.

Accordingly, it is

**ORDERED** that the Unopposed Motion to Consolidate Cases [Docket No. 34] is

2

GRANTED.  Pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action

Nos. 09-cv-00088-PAB-CBS and 09-cv-01542-PAB-CBS shall be consolidated for all

purposes.  It is further

> **ORDERED** that as of the date of this Order, all future pleadings and other filings

shall be filed in this case only and shall be captioned as shown below:

---

Civil Action No. 09-cv-00088-PAB-CBS
     (Consolidated with Civil Action No. 09-cv-01542-PAB-CBS)

---

Civil Action No. 09-cv-00088-PAB-CBS

In re: CENTRIX FINANCIAL, LLC, et al.,

CENTRIX FINANCIAL LIQUIDATING TRUST, et al.,

     Plaintiffs,

v.

ROBERT E. SUTTON, et al.,

     Defendants.

---

In re: CENTRIX FINANCIAL, LLC, et al.,

CENTRIX FINANCIAL LIQUIDATING TRUST, and
JEFFREY A. WEINMAN in his capacity as Trustee for the Centrix Financial
Liquidating Trust,

     Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and
AIG DOMESTIC CLAIMS, INC.,

     Defendants.

---

3

DATED April 26, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge