**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

_____

Civil Action No. 09-cv-00088-PAB-CBS
     (Consolidated with Civil Action No. 09-cv-01542-PAB-CBS)

_____

Civil Action No. 09-cv-00088-PAB-CBS

In re: CENTRIX FINANCIAL, LLC, et al.,
CENTRIX FINANCIAL LIQUIDATING TRUST, et al.,

     Plaintiffs,

v.

ROBERT E. SUTTON, et al.,
     Defendants.

_____

In re: CENTRIX FINANCIAL, LLC, et al.,

CENTRIX FINANCIAL LIQUIDATING TRUST, and JEFFREY A. WEINMAN in his
capacity as Trustee for the Centrix Financial Liquidating Trust,

     Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and
AIG DOMESTIC CLAIMS, INC.,

     Defendants.

_____

**PLAINTIFFS' MOTION TO AMEND COMPLAINT**

_____

     Plaintiffs, Centrix Financial Liquidating Trust, and Jeffrey A. Weinman, in his

capacity as Trustee for the Centrix Financial Liquidating Trust (collectively referred to as

the "Plaintiffs"), by and through their attorneys, Kasowitz, Benson, Torres & Friedman

LLP, submit this Motion to Amend Complaint, and in support thereof state as follows:

1

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that, pursuant to Local Rule 7.1, they met and conferred with counsel for defendants National Union Fire Insurance Company of Pittsburgh, PA and Chartis Claims Inc., formerly known as AIG Domestic Claims, Inc. (collectively "Chartis") regarding the relief requested on June 20, 2013.  Chartis indicated that it will oppose Plaintiffs' motion to amend.

## INTRODUCTION

1.     Plaintiffs seek leave to amend their Complaint to bring additional claims against Chartis for (1) a declaratory judgment that a document titled "Tolling and Standstill Agreement" – which essentially strips Plaintiffs of their ability to pursue a bad faith claim against Chartis (the "Chartis Document") –  is unenforceable to preclude the immediate filing of a bad faith claim, (2) damages from Chartis' bad faith misconduct in forcing the execution of the Chartis Document, and (3) damages from Chartis' bad faith breach of contract and claims handling.

## BACKGROUND

2.     During the period from 2002 to 2006, led by Robert Sutton, certain officers and employees of Plaintiffs' predecessor, Centrix Financial, engaged in a scheme to defraud Centrix Financial of more than $83,000,000 (the "Wrongful Acts").  These Wrongful Acts are described in greater detail in Paragraphs 30 to 71 of Plaintiffs' Complaint.  *See In re Centrix Financial, LLC*, Case No. 09-01150, Dkt. No. 1.

3.     On May 16, 2007, Centrix Financial provided Chartis with notice of its claim for coverage under a Fidelity Bond issued by Chartis.  On January 15, 2008, Centrix Financial timely submitted a detailed proof of loss to Chartis.   Plaintiffs

cooperated fully with Chartis to provide it with requested information regarding Plaintiffs' claim for coverage. Plaintiffs provided written responses to each of Chartis' requests, as well as almost 50,000 pages of documents related to their coverage claim. Nevertheless, Chartis violated both its policy and Colorado law by failing, without basis, to timely pay for Plaintiffs' claim and refusing to provide Plaintiffs with a timely coverage position.

4.     On March 13, 2009, Plaintiffs filed a complaint for breach of contract and declaratory relief against Chartis regarding its failure to perform as required under the Fidelity Bond (the "Current Coverage Action"). Foley & Lardner LLP ("Foley") represented Plaintiffs in connection with filing the complaint and since then has continued to represent Plaintiffs in the Current Coverage Action. Plaintiffs are informed and believe and based thereon allege that Foley in other instances has represented Chartis, but that Chartis purported to waive potentially applicable conflicts with respect to Foley's representation of Plaintiffs in the Current Coverage Action. In particular, Plaintiffs are informed and believe and based thereon allege that Chartis purported to waive any such conflict if Foley agreed not to represent Plaintiffs with respect to any bad faith claim against Chartis. Plaintiffs are informed and believe and based thereon allege that at that time, Chartis did not seek to restrict Foley's representation of Plaintiffs were a law firm other than Foley to pursue for Plaintiffs a bad faith claim against Chartis. Plaintiffs are further informed and believe and based thereon allege that Foley agreed to represent the Trustee with respect to the Current Coverage Action, and advised Plaintiffs that with respect to any bad faith claims, those claims could be brought by other counsel.

3

5.     On April 23, 2010, after investigating the merits of a bad faith claim against Chartis, Plaintiffs filed a Motion to Amend their Complaint to add claims regarding Chartis' failures to properly investigate Plaintiffs' claim and provide coverage under the Fidelity Bond without unreasonable delay.   Counsel from Godfrey & Lapuyade, P.C. represented Plaintiffs with respect to pursuing these additional claims.

6.     Chartis responded to Plaintiffs' effort to amend their complaint by threatening to seek to disqualify Foley, despite the fact that Foley did not represent Plaintiffs with respect to these additional claims.   In particular, Chartis demanded that Plaintiffs immediately withdraw their motion to amend and agree not to again pursue a bad faith claim until the then existing coverage lawsuit was finally resolved, after all appeals were exhausted.   If plaintiffs did not agree, Chartis threatened to seek Foley's disqualification from the instant coverage litigation based upon a stated conflict of interest.

7.     Chartis threatened Foley's disqualification even if counsel other than Foley pursued Plaintiffs' bad faith claims.   Plaintiffs are informed and believe and based thereon allege that Chartis' threats went beyond the scope of the restrictions it previously placed on Foley's representation of Plaintiffs in the Current Coverage Action.   Chartis' demand benefitted Chartis and harmed Plaintiffs because it improperly sought to prevent Plaintiffs from ever successfully pursuing any bad faith claims against Chartis.

8.     As part of its improper conduct, Chartis imposed upon Plaintiffs the Chartis Document, which provided, among other things, that Plaintiffs could not pursue in any manner a bad faith claim against Chartis until after the instant coverage action was finally resolved (and after all appeals were exhausted) in Plaintiffs' favor.

4

9.     Plaintiffs had effectively no option at that time but to acquiesce to Chartis' demands and sign the Chartis Document.  In particular, at the time Chartis threatened Plaintiffs with Foley's disqualification, Foley already had been working on Centrix issues for almost four years.  Given the circumstances at the time, including Plaintiffs' extremely limited financial resources, replacing Foley would have been extremely difficult for Plaintiffs and would have caused clear prejudice to their ability to pursue any coverage claim, at all, against Chartis.  As a result, Plaintiffs had very little ability at the time to challenge Chartis' efforts to essentially strip Plaintiffs of their bad faith claim.

10.     Plaintiffs have come to realize that Chartis' demands were merely a bad faith litigation tactic to promote Chartis' interests above those of its insureds with the goal of seriously diluting, or preventing altogether, Plaintiffs' bad faith claim against Chartis.  In imposing the Chartis Document on Plaintiffs, Chartis has in bad faith imposed undue hardship on Plaintiffs, which have limited resources and a limited, diminishing period of time within which to pursue their claims against Chartis.

## STANDARD

11.     Rule 15 of the Federal Rules of Civil Procedure requires Plaintiffs to seek leave of the Court prior to amending their Complaint.  Fed.R.Civ.P. 15(a).

12.     Rule 15 instructs courts to "freely give leave when justice so requires." Fed.R.Civ.P. 15(a).  Refusing leave to amend is generally only justified upon a showing that the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

13.     The important inquiry is not whether Plaintiffs have delayed, but whether such delay is undue.  "This Circuit [] focuses primarily on the reasons for the delay."

*Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).  Denial of leave to amend is appropriate only "when the party filing the motion has no adequate explanation for the delay."  *Id.*

14.     Moreover, and critically here, this Court has previously held that leave to amend should be granted where to do so allows for the most efficient outcome.  *Thome v. Cook*, No. 11-cv-03320-REB-MEH, 2012 WL 1986299, at *3 (D. Colo. June 4, 2012) (granting leave to amend "in the interests of justice *and efficiency*") (*emphasis added*).

## ARGUMENT

15.     Leave to amend should be granted here "in the interests of justice and efficiency."  *Id.*

16.     Plaintiffs' present pursuit of their bad faith claim is reasonable and in good faith.  Plaintiffs were prepared to bring a bad faith claim in April 2010.  However, due to Chartis' threat to disqualify Plaintiffs' coverage counsel, and the prejudice that Plaintiffs would have suffered as a result given their extremely limited financial resources, Plaintiffs had no choice but to acquiesce to Chartis' demand that the bad faith claim be withdrawn and deferred until some unknown point in time.  Chartis' approach was unreasonable and in bad faith at the time, and as the coverage litigation has progressed, the associated issues have become even more clear.  In fact, the Chartis Document purports to prevent Plaintiffs from pursuing a bad faith claim until some unknown date when the existing coverage action resolves, after all appeals are exhausted.  The benefit to Chartis, of course, is that the longer it has taken to resolve the Current Coverage Action, the more unlikely it is that Plaintiffs will have the ability to successfully prosecute a future bad faith claim against Chartis.  Given the length of the Current

6

Coverage Action, evidence may be lost and Plaintiffs' ability to later pursue their claims could be effectively prevented, a risk that increases daily for Plaintiffs.

17.     Chartis is not prejudiced by Plaintiffs' present effort to amend their complaint to pursue their bad faith claims.  Any delay was at Chartis' own request.  As a result, Chartis cannot credibly claim prejudice.  In fact, all parties and the Court benefit from the efficiencies resulting from having all claims against Chartis heard at the same time, before the same jury to avoid inconsistent rulings and duplicative trials.  Neither will Chartis be prejudiced if the Court allows narrowly-tailored discovery regarding Plaintiffs' bad faith.  Chartis itself presently is pursuing additional discovery from Plaintiffs and thus cannot credibly claim concern over any delay in resolution of this matter so that Plaintiffs can pursue certain limited bad faith discovery.  Only Plaintiffs will be prejudiced by being prevented from pursuing their bad faith claim now.

18.     Neither are Plaintiffs' bad faith claims futile.  An amendment is futile only when it would not survive a motion to dismiss.  *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).  In evaluating futility, a court must construe the Proposed Amended Complaint in the light most favorable to Plaintiffs, and the allegations in the Proposed Amended Complaint must be accepted as true.  Under this standard, the allegations of bad faith in Plaintiffs' Proposed Amended Complaint clearly state a claim for relief.

19.     And, again, Plaintiffs' request for leave to amend their Complaint to add bad faith claims now as opposed to years from now when this Action finally concludes promotes efficiency.  The Court's April 26, 2013, Order suggests the Court's interest in efficient resolution of all claims related to the dishonest and fraudulent conduct engaged

in by Sutton and others.  In the April 26 Order, the Court consolidated *Centrix Financial Liquidating Trust, et al. v. Sutton, et al.*, Case No. 09-cv-00088, with *Centrix Financial Liquidating Trust, et al. v. National Union Fire Insurance Company of Pittsburgh, PA, et al.,* Case No. 09-cv-01542, and stated:

> Both of the cases in question were brought by the same plaintiffs, involve essentially the same facts, and seek to answer the same question: whether the conduct of Robert Sutton and other Centrix officers was dishonest or fraudulent.  Over twenty individuals have been identified as potential witnesses in both cases and eleven individuals were deposed in both cases. . . . Therefore, because the cases involve common questions of law and fact, Centrix Financial Liquidating Trust v. Sutton, No. 09-cv-00088-PAB-CBS, and Centrix Financial Liquidating Trust v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, No. 09-cv-01542-PAB-CBS, shall be consolidated.

April 26, 2013, Order, Dkt. No. 35, at 2 (internal citations omitted).  Much the same can be said of Plaintiffs' contract and bad faith claims against Chartis.  Plaintiffs' request that all coverage claims (including Plaintiffs' bad faith claims) be heard at once flows naturally from the Court's recent consolidation order.  Plaintiffs' bad faith claims necessarily include overlap with their breach of contract claim.  As such, bringing the claims back-to-back would mean presenting many of the same facts, documents and witnesses to the court twice.  As Chartis is no doubt aware, Plaintiffs have limited resources, and unnecessarily duplicative litigation would simply deplete those resources in contravention of the Trust Agreement.  Further, while the Trust Agreement has now been extended until July 15, 2016, the current litigation has already been ongoing for over four years and the likelihood of resolution of this Action, including all appeals, before July 2016 is becoming seriously remote.

20.     In conclusion, there are no reasons to deny Plaintiffs a present opportunity to amend their Complaint to add bad faith claims based on Chartis' continued delay and refusal to pay Plaintiffs benefits under the fidelity bond, as well as their misconduct relating to the Chartis Document during the course of the present Action.  Chartis will suffer no prejudice by the amendment.  Plaintiffs, to the contrary, will continue to be prejudiced by Chartis' self-serving and bad faith imposition of the Chartis Document on Plaintiffs and restriction on their ability to pursue the totality of their appropriate claims against Chartis.  Under these circumstances, this Court should grant leave to amend, as justice so requires.  Fed. R. Civ. P. 15(a)(2).

Wherefore, Plaintiffs respectfully request that this Court enter its Order granting them leave to amend their Complaint to add the following new allegations, and to add the Chartis Document as <u>Exhibit D</u>:

## **FOURTH CLAIM FOR RELIEF: DECLARATORY JUDGMENT**
## **(ENFORCEABILITY OF THE CHARTIS DOCUMENT)**

106.    Plaintiffs hereby reallege and incorporate Paragraphs 1-105 by reference.

107.    On March 13, 2009, Plaintiffs filed a Complaint for breach of contract and declaratory relief against National Union Fire Insurance Company of Pittsburgh, PA and Chartis Claims, Inc., formerly known as AIG Domestic Claims, Inc. (collectively referred to hereinafter as "Chartis") for breach of the Fidelity Bond entitling Plaintiffs to damages (the "Current Coverage Action").  Plaintiffs also requested a declaratory judgment that they were covered by the Fidelity Bond and that Chartis had not yet provided their promised coverage, and sought an order that Chartis perform these coverage obligations.  Plaintiffs requested a decree of specific performance ordering Chartis to issue a coverage decision.

108.    Foley & Lardner LLP ("Foley") represented Plaintiffs in connection with filing the complaint and since then has continued to represent Plaintiffs in the Current Coverage Action.  Plaintiffs are informed and believe and based thereon allege that Foley in other instances has represented Chartis, but that Chartis purported to waive potentially applicable conflicts with respect to Foley's representation of Plaintiffs in the Current Coverage Action.  In particular, Plaintiffs are informed and believe and based thereon allege that Chartis purported to waive any such conflict if Foley agreed not to represent Plaintiffs with respect to any bad faith claim against Chartis.  Plaintiffs are informed and believe and based thereon allege that at that time, Chartis did not seek to restrict Foley's representation of Plaintiffs were a law firm other than Foley to pursue for Plaintiffs a bad faith claim against Chartis.  Plaintiffs are further informed and believe and based thereon allege that Foley agreed to represent the Trustee with respect to the Current Coverage Action, and advised Plaintiffs that with respect to any bad faith claims, those claims could be brought by other counsel.

109.    On April 23, 2010, Plaintiffs filed a Motion to Amend their Complaint seeking leave to add a claim for bad faith against Chartis based on its failure to provide the benefits of the Fidelity Bond, its failure to properly investigate Plaintiffs' claim and its failure to properly respond to that claim without unreasonable delay.  Counsel from Godfrey & Lapuyade, P.C. represented Plaintiffs with respect to these additional claims.

110.    In response, Chartis asserted that Foley had a conflict of interest due to its representation of Chartis in other matters.  Chartis threatened Plaintiffs that if they continued to pursue a bad faith claim at that time—*even with the assistance of other counsel Godfrey & Lapaude*—then Chartis would immediately move to disqualify Foley.  Chartis also threatened that neither Foley nor *any other* counsel could pursue a bad faith claim at any time until the breach of contract litigation was *finally* resolved, *on appeal*, in Plaintiffs' favor.  Plaintiffs are informed and believe and based thereon allege that Chartis' threats went beyond the scope of the restrictions it previously placed on Foley's representation of Plaintiffs in this action.

10

111.     Plaintiffs had effectively no option at that time but to acquiesce to Chartis' demands and sign the Chartis Document.  In particular, at the time Chartis threatened Plaintiffs with Foley's disqualification, Foley already had been working on Centrix issues for almost four years.  Given the circumstances at the time, including the Trust's extremely limited financial resources, replacing Foley would have been extremely difficult for Plaintiffs and would have caused clear prejudice to their ability to pursue any coverage claim, at all, against Chartis.  As a result, Plaintiffs had very little ability at the time to challenge Chartis' efforts to strip Plaintiffs of their bad faith claim.

112.     Consistent with its threats, Chartis imposed a document titled "Tolling and Standstill Agreement" (the "Chartis Document") on Plaintiffs that Plaintiffs had effectively no choice but to sign in light of the threats to remove Foley.  A true and correct copy of the Chartis Document is attached hereto as Exhibit D.  On August 17, 2010, the parties signed the Chartis Document.  Among other things, the Chartis Document provided that:

a.     The Parties agree that the Trust shall withdraw its Motion to Amend without prejudice immediately upon execution of this Agreement. Ex. D at ¶4.

b.     Co-counsel for the Trust, Godfrey & Lapuyade, P.C., shall withdraw their appearance in the Litigation, and Godfrey & Lapuyade, P.C. shall not represent the Trust or assist the Trust in any material way in the Litigation. Ex. D at ¶5.

c.     Foley & Lardner LLP shall not have any communication with any other counsel that may now or in the future represent the Trust regarding any matter of substance with respect to the Bad Faith Breach of Contract claim asserted in the Motion to Amend or any other bad faith or extra-contractual claims. Ex. D at ¶6.

d.     The Trust shall not have any communication with counsel for Foley & Lardner LLP regarding the Bad Faith Breach of Contract claim asserted in the Motion to Amend or any other bad faith or extra-contractual claims.  Ex.

D at ¶7.

e.   The Trust shall not assert in any forum the Bad Faith Breach of Contract claim set forth in the Motion to Amend or any other bad faith or extra-contractual claims, until the Litigation is finally resolved, including the final resolution of any available appeals.  If the Litigation is finally resolved in favor of AIG on the coverage claims, then the Trust shall not assert in any forum the Bad Faith Breach of Contract claim asserted in the Motion to Amend or any other bad faith or extra-contractual claims.  Ex. D at ¶8.

f.   AIG shall not seek to disqualify Foley & Lardner LLP in the Litigation on the basis of AIG's attorney-client relationship with Foley & Lardner LLP.  Ex. D at ¶10.

g.   The Trust and AIG agree to provide a tolling of all time limitations, statutory or otherwise, related to the Bad Faith Breach of Contract cause of action asserted in the Motion to Amend. . . . The tolling period consists of the time between April 23, 2010, and the first to occur of one of the following. . . . : A. Mutual resolution of the Litigation between the Parties to be evidenced by the appropriate Settlement Agreement; or B. Final adjudication of the Litigation, including by judgment, order, or dismissal, and including the final resolution of any available appeals.  Ex. D at ¶1.

113.   The result of Chartis' threats and demands, among other things, was to interfere with and prejudice Plaintiffs' ability to pursue all valid claims against Chartis and to obtain zealous and unrestricted representation in connection with those claims.  Moreover, postponing any pursuit, at all, of any bad faith claim benefitted only Chartis and clearly prejudiced Plaintiffs.  That benefit to Chartis and prejudice to Plaintiffs has been even more extreme as the coverage litigation has evolved.  Indeed, with the bad faith claim defanged, among other things, Chartis had a clear incentive to further delay resolution of the breach of contract litigation.  Chartis also would have little incentive to cease acting in bad faith during

the current litigation, as it would face little immediate risk of a bad faith claim.  Moreover, in the meantime, given the length of the present action, evidence may be lost and Plaintiffs' ability to later pursue their claims could be effectively prevented, a risk that increases daily for Plaintiffs.

114.   Pursuant to the Chartis Document, on August 23, 2010, Plaintiffs filed an Unopposed Motion to Withdraw Plaintiffs' Motion to Amend.  The Court granted this motion on August 30, 2010.  On October 5, 2010, Godfrey & Lapuyade, P.C. withdrew as counsel for Plaintiffs.

115.   In imposing the Chartis Document, Chartis put its own interests above the interest of its insureds.

116.   The terms of the Chartis Document that purport to preclude the filing of a bad faith claim before the breach of contract litigation is resolved, on appeal, and that are specifically contained in paragraphs 6 through 8 of the Chartis Document are unlawful, invalid, void, and/or voidable, and therefore unenforceable, due to, among other things, Chartis' misconduct in threatening to move to disqualify Foley from representing Plaintiffs in their breach of contract litigation if Plaintiffs persisted in their bad faith claims, if Plaintiffs did not agree to refrain from refiling the bad faith claim until the breach of contract litigation was resolved in Plaintiffs' favor, and if Plaintiffs continued to retain Godfrey & Lapuyade, P.C., or any other counsel with respect to pursuing any bad faith claim.

117.   A justiciable controversy exists between Plaintiffs and Chartis with respect to the enforceability of the terms specifically contained in paragraphs 6 through 8 of the Chartis Document.  The issuance of declaratory relief will likely resolve the existing controversy between the parties regarding these terms of the Chartis Document.

118.   Such declaratory relief is necessary to protect Plaintiffs from the terms of the Chartis Document that purport to prevent Plaintiffs from pursuing a bad faith claim until the breach of contract litigation finally is resolved, and in particular the terms contained in paragraphs 6 through 8 of the Chartis Document.

WHEREFORE, Plaintiffs request that this Court enter a declaratory judgment in favor of Plaintiffs and against Chartis declaring that the terms contained in Paragraphs 6 through 8 of the Chartis Document that purport to preclude the filing of a bad faith claim before the breach of contract litigation is resolved are unlawful, invalid, void, and/or voidable, and therefore unenforceable, and awarding such other, further and different relief as the Court deems fair and just.

## FIFTH CLAIM FOR RELIEF: BAD FAITH BREACH OF CONTRACT (CHARTIS DOCUMENT)

119.    Plaintiffs hereby reallege and incorporate Paragraphs 1 through 118 above by reference.

120.    Chartis owes to Plaintiffs an express and implied covenant of good faith and fair dealing.  This duty continues during the pendency of the litigation.

121.    Chartis also owes a common law duty of good faith and fair dealing to its insureds both prior to and during the pendency of the litigation.

122.    Chartis has failed to comply with its common law and statutory duties to its insureds both prior to and during the pendency of the litigation, in many respects, including the following:

      a.    Threatening to move to disqualify Foley from representing Plaintiffs in the current litigation if Plaintiffs pursued any bad faith claims against Chartis;

      b.    Threatening to move to disqualify Foley from representing Plaintiffs in the current litigation if Plaintiffs did not agree to refrain from refiling the bad faith claim until the breach of contract litigation was resolved in Plaintiffs' favor, after all appeals were resolved;

c.      Threatening to move to disqualify Foley from representing Plaintiffs in the current litigation if Plaintiffs continued to retain Godfrey & Lapuyade, P.C.;

123.    The conduct of Chartis was, to say the least, unreasonable, and Chartis knew or recklessly disregarded the fact that its conduct was unreasonable.

124.    Given its failure to comply with its express and implied covenants of good faith and fair dealing, and the bad faith breach of its obligations to its insureds, Chartis is liable to Plaintiffs for bad faith damages.

125.    The conduct of Chartis, as specified in this Complaint, constitutes a violation of C.R.S. § 10-3-1116 which provides, in relevant part, as follows:

> (1) A first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover ***reasonable attorney fees and court costs and two times the covered benefit***.

(emphasis added).

126.    The conduct of Chartis, as specified in this Complaint, also constitutes a violation of C.R.S. § 13-21-102 which provides, in relevant part, as follows:

> (3) . . . the court may increase any award of exemplary damages, to a sum not to exceed three times the amount of actual damages, if it is shown that:
>
> (a) ***The defendant has continued the behavior or repeated the action which is the subject of the claim against the defendant in a willful and wanton manner, either against the plaintiff or another person or persons, during the pendency of the case***; or
>
> (b) The defendant has acted in a willful and wanton manner during the pendency of the action in a manner which has further aggravated the damages of the plaintiff when the defendant knew or should have known such action would produce aggravation.

(emphasis added).

15

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of Plaintiffs and against Chartis as follows:

a.     Ordering Chartis to specifically perform under the Fidelity Bond by providing coverage to Centrix Financial, and the Liquidating Trust as its successor-in-interest, under the Fidelity Bond for the Covered Losses in an amount equal to or in excess of two times the covered benefit—$80,000,000—for their bad faith;

b.     Ordering Chartis to pay three times actual damages—$120,000,000—as reasonable and appropriate exemplary damages;

e.     Ordering Chartis to pay reasonable attorneys fees and court costs;

f.     Ordering Chartis to pay both pre- and post-judgment interest.

g.     Awarding such other and further relief as the Court deems fair and just.

## SIXTH CLAIM FOR RELIEF: BAD FAITH BREACH OF CONTRACT
## (CLAIMS HANDLING)

127.     Plaintiffs hereby reallege and incorporate Paragraphs 1 through 126 above by reference.

128.     Chartis owes to Plaintiffs a duty to act in good faith and an implied covenant of good faith and fair dealing.

129.     Chartis has a duty to comply in good faith with applicable Colorado statutes, including C.R.S. § 10-1-101, which provides as follows:

> The general assembly finds and declares that the purpose of this title is to promote the public welfare by regulating insurance to the end that insurance rates shall not be excessive, inadequate, or unfairly discriminatory, to give consumers thereof the greatest choice of policies at the most reasonable cost possible, to permit and encourage open competition between insurers on a sound financial basis and to avoid regulation of insurance rates except under circumstances specifically authorized under the provisions of this title. *Such policy requires that all persons having to do with insurance services to the public be at all times actuated by good faith in everything pertaining thereto,*

> *abstain from deceptive or misleading practices, and keep,*
> *observe, and practice the principles of law and equity in all*
> *matters pertaining to such business.*

(emphasis added).

130.     Chartis has a duty to comply in good faith with C.R.S. § 10-3-1113 which

provides, in relevant part, as follows:

> (1) In any civil action for damages founded upon contract, or
> tort, or both against an insurance company, the trier of fact
> may be instructed that *the insurer owes its insured the duty*
> *of good faith and fair dealing, which duty is breached if the*
> *insurer delays or denies payment without a reasonable basis*
> *for its delay or denial.*
>
> \*        \*        \*
>
> (3) Under a policy of first party insurance, the determination
> of whether the insurer's delay or denial was reasonable shall
> be based on whether the insurer knew that its delay or denial
> was unreasonable or whether the insurer recklessly
> disregarded the fact that its delay or denial was unreasonable.
>
> (4) In determining whether an insurer's delay or denial was
> reasonable, the jury may be instructed the willful conduct of
> the kind set forth in section 10-3-1104(l)(h)(I) to (l)(h)(XIV)
> is prohibited and may be considered if the delay or denial and
> the claimed injury, damage, or loss was caused by or
> contributed to by such prohibited conduct.

(emphasis added).

131.     Chartis also has a duty to comply in good faith with C.R.S. § 10-3-

1104(l)(h) which provides, in relevant part, as follows:

> (1) The following are defined as unfair methods of
> competition and unfair or deceptive acts or practices in the
> business of insurance:
>
> \* \* \*
>
> (h) Unfair claim settlement practices: Committing or
> performing, either in willful violation of this part 11 or with
> such frequency as to indicate a tendency to engage in a
> general business practice, any of the following:
>
> (II) Failing to acknowledge and act *reasonably promptly*
> upon communications with respect to claims arising under
> insurance policies; or

17

(III) Failing to adopt and implement reasonable standards for the *prompt investigation* of claims arising under insurance policies; or

(IV) Refusing to pay claims without conducting a *reasonable investigation* based upon all available information; or

(V) Failing to affirm or deny coverage of claims *within a reasonable time after proof of loss statements have been completed*; or

(VI) Not attempting in good faith to effectuate *prompt, fair, and equitable settlements of claims* in which liability has become reasonably clear; or

(VII) *Compelling insureds to institute litigation to recover amounts due under an insurance policy* by offering substantially less the amounts ultimately recovered in actions brought by such insureds; or

\* \* \*

(XIV) Failing to promptly provide a *reasonable explanation* of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;...

(emphasis added).

132.    Chartis also owes a common law duty of good faith and fair dealing to its insureds.

133.    Chartis has failed to comply with its statutory and common law duties to its insureds to act in good faith in the handling of Debtor's/Plaintiffs' claim, in many respects, including but not limited to the following:

a.      The failure to act reasonably promptly upon communications;

b.      The failure to adopt and implement reasonable standards for the prompt investigation of bond claims;

c.      The delay in conducting a reasonable investigation;

d.      The failure to affirm or deny coverage within a reasonable period of time after proof of loss was submitted;

e.      The failure to, in good faith, attempt to effectuate a prompt, fair and equitable settlement of the submitted claims;

f.      Compelling its insureds to initiate litigation to recover amounts due under the referenced bonds;

g.      The failure to promptly settle the claims;

h.      The failure to provide a reasonable explanation of the basis for the delay and/or denial of payment of claims;

134.    The conduct of Chartis was unreasonable, and Chartis knew or recklessly disregarded the fact that its conduct was unreasonable.

135.    Given the failure to comply with its express and implied covenants of good faith and fair dealing, and the bad faith breach of its obligations to its insureds, Chartis is liable, in tort, to its insureds and Plaintiffs.

136.    The conduct of Chartis, as specified in this Complaint, also constitutes a violation of C.R.S. § 10-3-1116 which provides, in relevant part, as follows:

> (1) A first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover *reasonable attorney fees and court costs and two times the covered benefit*.

(emphasis added).

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of Plaintiffs and against Chartis as follows:

a.      Ordering Chartis to specifically perform under the Fidelity Bond by immediately acknowledging coverage of the Claim under the Fidelity Bond and providing Plaintiffs with the benefits of that Fidelity Bond;

b.      Ordering Chartis to specifically perform under the Fidelity Bond by providing coverage to Centrix Financial, and the Liquidating Trust as its successor-in-interest, under the Fidelity Bond for the Covered Losses in an

amount equal to or in excess of two times the covered benefit—totaling possibly $80,000,000—for their bad faith;

c.      Ordering Chartis to pay up to $40,000,000 as reasonable and appropriate exemplary damages;

d.      Ordering Chartis to pay reasonable attorneys fees and court costs;

e.      Ordering Chartis to pay both pre- and post-judgment interest.

f.      Awarding such other and further relief as the Court deems fair and just.

 DATED this 25th day of June, 2013.


Kasowitz, Benson, Torres & Friedman LLP


By: /s Jerold Oshinsky_____
Jerold Oshinsky
Linda D. Kornfeld
Kasowitz, Benson, Torres & Friedman
2029 Century Park East, 14th Floor
Los Angeles, California 90067
Telephone:  424 202-3622
Facsimile:  310 943-3557
joshinsky@kasowitz.com
lkornfeld@kasowitz.com

Kenneth H. Frenchman
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
Telephone: 212 506-3323
Facsimile: 212 500-3566
kfrenchman@kasowitz.com

Attorneys for Plaintiffs Centrix Financial Liquidating
Trust and Jeffrey A. Weinman, in his capacity as
Trustee for the Centrix Financial Liquidating Trust

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 25, 2013, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to

the following e-mail addresses:

Ann Marie Uetz
Foley & Lardner, LLP-Detroit
500 Woodward Avenue
#2700
Detroit, MI 48226
313-234-7114
Fax: 313-234-2800
Email: auetz@foley.com

Brian Keith Gart
Berger Singerman, P.A.
350 East Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
954-525-9900
Fax: 954-523-2872
Email: bgart@bergersingerman.com

Douglas W. Jessop
Jessop & Company, PC
848 Walnut St.
#D
Boulder, CO 80302
303-860-7700
Fax: 303-860-7233
Email: dwjessop@jessopco.com

Robert Mark Liechty
Cross Liechty Lane, P.C.
7100 East Belleview Avenue
#G-11
Greenwood Village, CO 80111
303-333-4122
Fax: 303-333-4124
Email: Rliechty@crossliechty.com

Katherine E. Licup
Foley & Lardner, LLP-Chicago
321 North Clark Street
#2800
Chicago, IL 60654-5313
312-832-4500
Fax: 312-832-4700
Email: klicup@foley.com

John Cardinal Parks
Horowitz & Burnett, P.C.
1660 Lincoln Street
#1900
Denver, CO 80264
303-996-8609
Fax: 303-996-8602
Email: jparks@hblegal.net

Glenn W. Merrick
G.W. Merrick & Associates, LLC
6300 South Syracuse Way
Suite 220
Centennial, CO 80111
303-831-9400
Fax: 303-771-5803
Email: gwm@gwmerrick.com

Caroline C. Fuller
Fairfield & Woods, P.C.
1700 Lincoln Street
Wells Fargo Center
#2400
Denver, CO 80203-4524
303-830-2400
Fax: 303-830-1033
Email: cfuller@fwlaw.com

Michael A. Connolly
Frew & Connolly, LLC
44 Cook Street
Suite 1000
Denver, CO 80206
303-284-1734
Fax: 303-773-4207
Email:
mconnolly@frewconnollylaw.com

John Craig Plotkin
Gregory & Plotkin, LLC
1331 17th Street
#800
Denver, CO 80202
303-292-1932
Fax: 303-292-9121
Email: jplotkin@jcplaw.com

Timothy Robert Macdonald
Arnold & Porter LLP-Denver
370 Seventeenth Street
Suite 4400
Denver, CO 80202-1370
303-863-2334
Fax: 303-832-0428
Email:
timothy_macdonald@aporter.com

James Lyman
Arnold & Porter LLP-Denver
370 Seventeenth Street
Suite 4400
Denver, CO 80202-1370
303-863-1000
Fax: 303-832-0428
Email: james.lyman@aporter.com

By: s/ Jerold Oshinsky

Jerold Oshinsky
Linda D. Kornfeld
Kasowitz, Benson, Torres & Friedman
2029 Century Park East, 14th Floor
Los Angeles, California 90067
Telephone:  424 202-3622
Facsimile:  310 943-3557
joshinsky@kasowitz.com
lkornfeld@kasowitz.com

Kenneth H. Frenchman
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
Telephone: 212 506-3323
Facsimile: 212 500-3566
kfrenchman@kasowitz.com

Attorneys for Plaintiffs Centrix Financial Liquidating
Trust and Jeffrey A. Weinman, in his capacity as
Trustee for the Centrix Financial Liquidating Trust