IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00088-PAB-CBS

In re: CENTRIX FINANCIAL, LLC, et al.,

Debtors,

CENTRIX FINANCIAL LIQUIDATING TRUST, et al.,

     Plaintiffs,

v.

ROBERT E. SUTTON, et al.,

     Defendants.

_____

**ORDER**
_____

     This matter is before the Court on the Motion to Reconsider Order Granting Plaintiffs' Unopposed Motion to Consolidate Cases [Docket No. 36] filed by defendants National Union Fire Insurance Company of Pittsburgh, Pa. and Chartis Claims, Inc. (f/k/a AIG Domestic Claims, Inc.) (collectively "National Union").  Case No. 09-cv-00088-PAB-CBS arises from an adversary proceeding, *see* No. 08-01593-EEB, in the bankruptcy case of Centrix Financial, LLC, *see* No. 06-16403-EEB, and concerns claims brought by plaintiffs Centrix Financial Liquidating Trust ("Centrix") and Jeffrey A. Weinman, as trustee, against defendants Robert E. Sutton ("Sutton"); 6762 Potomac, LLC ("Potomac"); Centrix Consolidated, LLC; Founders Insurance Company, Ltd.; Johnson Street Holdings, LLC; RES Capital Holdings, Inc.; Williston Holdings, Ltd.; Grand Construction, LLC; Harrison Custom Builders, Ltd.; Design Management, Inc.;

Katherine Sutton; Julie Sutton; Elizabeth Sutton; David Sutton; Birdie, LLC; Julie L. Sutton Revocable Trust; and Potomac Aviation, LLC (collectively, the "Sutton defendants"); Gerald Fitzgerald; Howard Klemmer; John Schreven; Roland Anderson; and Dyerwhite Construction, LLC for tortious conduct leading to the demise of Centrix Financial, LLC. *See* Docket No. 1. The higher-numbered consolidated case, No. 09-cv-01542-PAB-CBS, arises from a separate adversary proceeding, No. 09-01150-EEB, and concerns Centrix' allegations that National Union is liable to Centrix on a fidelity bond covering losses caused by the dishonest or fraudulent acts of Centrix employees. *See* No. 09-cv-1542-PAB-CBS, Docket No. 1. On April 26, 2013, the Court granted plaintiffs' motion to consolidate these two cases. Docket No. 35. At the time of the Court's consolidation order, National Union had not yet responded with its position regarding consolidation.

"Until final decree the court always retains jurisdiction to modify or rescind a prior interlocutory order." *N.W. Cent. Pipeline Corp. v. JER P'ship*, 943 F.2d 1219, 1225 (10th Cir. 1991) (internal citations omitted). The Court will consider both judicial economy and fairness to the parties in determining whether reconsideration of the consolidation Order is warranted. *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." FED. R. CIV. P. 42(a)(2). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The

2

purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.,* 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2381 at 427 (2nd ed. 1995)).

National Union argues that consolidation is prejudicial because the knowledge that damages will be paid by an insurance company–as opposed to an individual–will make the jury more likely to find the individual entities liable on the claims advanced in No. 09-cv-00088-PAB-CBS.  Docket No. 36 at 6-10, ¶¶ 7-13.  Plaintiffs counter that prejudice is not a concern here because Centrix is the insured party and not the defendants.  Docket No. 41 at 13.

In Colorado, "evidence of a party's liability insurance is irrelevant to the question of whether he acted negligently or otherwise, and as such, any allusion to insurance coverage is improper." *Prudential Prop. & Cas. Ins. Co. of Am. v. District Court*, 617 P.2d 556, 559 (Colo. 1980); *see also Jacobs v. Commonwealth Highland Theatres, Inc.*, 738 P.2d 6, 12 (Colo. App. 1986) (carving out a narrow exception for "mere inadvertent or incidental mention of insurance before the jury").  In *Prudential*, the Court held that a trial court abused its discretion by trying an insurance company's declaratory judgment claim against its insured in the same trial as a claim to determine the insured's underlying liability for injuring someone else in his home.  *Prudential*, 617 P.2d at 557-58.  This approach is not unique to Colorado.  *See, e.g., Medick v. Millers Livestock Market Inc.*, 669 N.Y.S.2d 776-77 (N.Y.A.D. 1998) ("It is generally recognized

that, even where common facts exist, it is prejudicial to insurers to have the issue of insurance coverage tried before the jury that considers the underlying liability claims.") (internal citations omitted); *Christian v. First Liberty Ins. Corp.*, 2011 WL 949754, at *2 (M.D. Pa. Mar. 16, 2011) (recognizing "the risk that 'knowledge of the fact of insurance against liability will motivate the jury to be reckless in awarding damages to be paid, not by the defendant, but by a supposedly well-pursed and heartless insurance company that has already been paid for taking the risk'") (quoting *Price v. Yellow Cab Co. of Phila.*, 278 A.2d 161, 166 (Pa. 1971)).

As these cases make clear, the purpose of the rule excluding evidence of insurance coverage from a trial on liability is to avoid tainting the jury's assessment of the defendant's wrongdoing with knowledge that, even if found liable, the defendant will not be the one required to compensate the plaintiff.  *See, e.g.*, *Price*, 278 A.2d at 166. Hence, the Colorado Supreme Court's holding that "*any* allusion to insurance coverage is improper." *Prudential*, 617 P.2d at 559 (emphasis added).  This reasoning does not turn on the identity of the insured party.  For example, where plaintiff Centrix is the party carrying insurance, a jury may nonetheless be tempted to find liability on the part of the Sutton defendants based on the knowledge that National Union will be the entity required to pay any resulting damages.  Accordingly, the Court concludes that National Union's interests would be prejudiced by a consolidated trial.

Plaintiffs suggest that the Court could mitigate any prejudice to National Union through litigation management, for example, by bifurcating the trials or through rulings on motions in limine.  Docket No. 41 at 15.  However, litigation management of this sort

4

is unlikely to be practical.  Not only would it be difficult to minimize the aforementioned

risk of prejudice to National Union, but the two consolidated cases are not similarly

situated with respect to trial.  Specifically, whereas the parties in No. 09-cv-00088 are

ready for trial, the parties in No. 09-1150-EEB do not appear to be.  The bankruptcy

judge held that either Centrix or National Union may file, at the close of discovery in No.

09-01150-EEB, "a *brief* (5 page) motion to amend the dispositive motions deadline

specifying why discovery *clearly* shows there is no longer any genuine dispute as to any

material fact."  Docket No. 36-11 at 3 (emphasis in original).  There is still a possibility

that National Union may file a motion for summary judgment before the bankruptcy

judge, which would considerably delay the progress of the case towards trial.

Furthermore, on May 7, 2013, plaintiffs produced an additional 95,000 pages of

material to National Union.  *See* No. 09-1150-EEB, Docket No. 174 at 2.  National

Union maintains that this production is incomplete and, on May 29, 2013, filed a motion

to compel production of additional materials.  No. 09-01150-EEB, Docket No. 176.  This

motion is set for a hearing before the bankruptcy judge on August 15, 2013.  No. 09-

01150-EEB, Docket No. 181.  Thus, it appears that discovery is likely to continue for

some length of time while, in contrast, defendants in No. 09-cv-00088 do not dispute

that the case is ready for trial.  *See* Docket No. 28 (plaintiffs' unopposed motion to set

trial date).

      In consideration of the issues raised by National Union, the Court concludes that

consolidation is not appropriate.  Wherefore, it is

      **ORDERED** that the Motion to Reconsider Order Granting Plaintiffs' Unopposed

Motion to Consolidate Cases [Docket No. 36] filed by defendants National Union Fire

Insurance Company of Pittsburgh, PA and Chartis Claims, Inc. (f/k/a AIG Domestic

Claims, Inc.) is GRANTED.  It is further

      **ORDERED** that the Court's Order granting Unopposed Motion to Consolidate

Cases [Docket No. 35] is VACATED.  Case No. 09-cv-00088-PAB-CBS and Case No.

09-cv-01542-PAB-CBS are severed.

      DATED July 26, 2013.

                    BY THE COURT:

                    s/Philip A. Brimmer
                    PHILIP A. BRIMMER
                    United States District Judge