IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00088-PAB-CBS

In re: CENTRIX FINANCIAL, LLC, et al.,

Debtors,

CENTRIX FINANCIAL LIQUIDATING TRUST, et al.,

    Plaintiffs,

v.

ROBERT E. SUTTON, et al.,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on defendants' Renewed Request for Ruling on Rule 12(b) "Motion to Dismiss" [Docket No. 98].[1] The Sutton defendants state that, in June 2009, they moved to dismiss this adversary proceeding in the United States Bankruptcy Court for the District of Colorado (the "bankruptcy court") and that no ruling has been entered on that motion. Docket No. 98 at 2, ¶ 3.

**I. BACKGROUND**

    **A. Chapter Eleven Bankruptcy Proceeding**

In September 2006, CMGN, LLC and a number of related entities entered

---

[1] The renewed motion to dismiss was filed by defendants Robert E. Sutton; 6762 Potomac, LLC; Centrix Consolidated, LLC; Founders Insurance Company, Ltd.; Johnson Street Holdings, LLC; RES Capital Holdings, Inc.; Williston Holdings, Ltd.; Grand Construction, LLC; Harrison Custom Builders, Ltd.; Katherine Sutton; Julie Sutton; Elizabeth Sutton; David Sutton; Birdie, LLC; the Julie L. Sutton Revocable Trust; and Potomac Aviation, LLC (collectively, the "Sutton defendants").

bankruptcy under chapter eleven of the United States Bankruptcy Code.[2]  Case No. 06-16403-EEB (Bankr. D. Colo. 2006); 11 U.S.C. § 1101 *et seq*.  Plaintiffs Centrix Financial Liquidating Trust and Jeffrey A. Weinman, as trustee, allege that, at all relevant times, defendant Robert Sutton ("Sutton") controlled the bankrupt entities.  Case No. 08-01593-EEB, Docket No. 129 at 9, ¶ 27.

On June 21, 2007, Sutton and defendant 6762 Potomac, LLC ("Potomac") filed proofs of claim for general unsecured prepetition claims totaling approximately $280 million.  Case No. 06-16403-EEB, Docket Nos. 1391 at 1 and 1391-1 at 16.  On September 7, 2007, Sutton and Potomac filed motions for allowance and payment of administrative claims totaling close to $250 million.  Docket Nos. 1548 and 1550.

On April 15 and 16, 2008, Sutton and Potomac filed over seventy objections to proofs of claims filed by other claimants.  Case No. 06-16403-EEB, Docket No. 2164.  On April 16, 2008, the bankruptcy court ordered Sutton and Potomac to cease filing claims objections pending a decision regarding their standing to file such objections.  *Id*., Docket No. 2164.  The bankruptcy court held in abeyance the claims objections that Sutton and Potomac had already filed and ordered Sutton and Potomac to file a brief on the issue of standing.  *Id*.

On May 16, 2008, the bankruptcy court confirmed the Second Amended Liquidating Chapter 11 Plan Proposed by Debtors and Creditors' Committee Dated January 25, 2008.  *Id*., Docket Nos. 1831 and 2203.  Sutton and Potomac, along with

---

[2]Those entities are Centrix Financial, LLC; Centrix Services, LLC; Centrix Technology Support Services, LLC; Centrix Support LLC; Centrix Resource Managers, Inc.; and Centrix Servicing LLC.  *See* Case No. 06-16403-EEB (Bankr. D. Colo. 2006)*.*

2

defendants Roland Anderson and John Schreven, had objected to the plan on a number of grounds, including that it stripped all parties in interest–other than the liquidating trustee–of standing to file claims objections. *Id.*, Docket No. 1943 at 3; *see also* Docket No. 1831 at 11, Art. 9, ¶ A. The bankruptcy court overruled their objection in reliance on *In re Adelphia Communications Corp.*, 371 B.R. 660 (S.D.N.Y. 2007), and *In re Western Asbestos Co.*, 313 B.R. 832 (Bankr. N.D. Cal. 2003). *Id.*, Docket No. 2188 (Oral Ruling on Plan Confirmation and Sutton's Applications for Admin Expense) at 11, ll.17-20 ("This Court follows the lead of these other courts in holding that a plan may specify that the right to object to claims post-confirmation rests in the successor to the debtors, here the liquidating trustee.").

On May 27, 2008, Sutton and Potomac filed a brief on the issue of standing. *Id.*, Docket No. 2230. The same day, Sutton, Potomac, and Centrix Consolidated, LLC jointly appealed the following bankruptcy court rulings:

- the bankruptcy court's May 16, 2008 Orders confirming the liquidating chapter eleven plan over appellants' objections, which were related to their inability to file claims objections under the plan;

- the May 15, 2008 Order and Judgment disallowing Sutton's administrative expense claim; and

- "all underlying orders and rulings that became final upon" confirmation of the plan, including, "without limitation":

- the January 16, 2008 ruling denying Sutton and Potomac's motion to conduct examination pursuant to Federal Rule of Bankruptcy Procedure 2004;

- the January 17, 2007 Order Approving Disclosure Statement and Setting Confirmation Hearing;

- the April 21, 2008 ruling disallowing certain of Sutton's administrative claims and estimating Sutton and Potomac's remaining administrative

- claims at zero;
- the April 16, 2008 Order directing Sutton and Potomac to cease filing claims objections; and
- the April 21, 2008 ruling authorizing amendments to the Second Amended Plan of Reorganization and announcing the bankruptcy court's intent to confirm the plan.

*Id.*, Docket No. 2227 at 1-2; Case No. 08-cv-1130-PAB. Appellants argued in part that, "[t]*o the extent that Sutton and Potomac are threatened with litigation claims seeking to subject them to liability for the Debtors' unpaid obligations while the Plan strips them of the right to object to the validity and amount of those claims due process is defied*." Case No. 08-cv-1130-PAB, Docket No. 21 at 30 (emphasis in original).

On September 11, 2008, the bankruptcy court issued an order regarding Sutton and Potomac's standing to file claim objections. Case No. 06-16403-EEB, Docket No. 2350. The bankruptcy court noted that "courts are sharply divided" on the question of whether creditors have a "full and unfettered" right to object to another creditor's proof of claim under 11 U.S.C. §§ 502(a) and 1109(b), although the Tenth Circuit has not yet ruled on the issue. *Id.* at 2-3 (listing cases). The bankruptcy court held that, regardless of its conclusion on the legal question, Sutton and Potomac had "lost their standing due to the confirmation of the plan," which had a res judicata effect as to "all matters that were or could have been raised in the confirmation process." *Id.* at 3-4. The bankruptcy court further held that, to the extent Sutton and Potomac argued that their lack of standing deprived them of due process, they were in essence "requesting that the Court reconsider its order of confirmation, at least as to the standing provisions in

4

the plan." *Id*. at 4. The bankruptcy court held that it lacked jurisdiction to reconsider its order confirming the plan because Sutton, Potomac, and Centrix Consolidated, LLC had already appealed the confirmation order. *Id*. at 4.

On February 13, 2009, appellees (debtors in the underlying bankruptcy case, the Official Committee of Unsecured Creditors, and Mr. Weinman in his capacity as trustee) moved to dismiss the appeal. Case No. 08-cv-1130-PAB, Docket No. 46. The Court granted their motion to dismiss on February 12, 2010 pursuant to the doctrine of equitable mootness.[3] *Id*., Docket No. 92. Appellants appealed this dismissal to the Tenth Circuit. *In re Centrix Financial LLC*, 394 F. App'x 485 (10th Cir. 2010). On September 8, 2010, the Tenth Circuit held that the Court had not abused its discretion in dismissing the appeal as equitably moot. *Id*.

In addressing the sixth factor relevant to a determination of equitable mootness, namely, a "quick look at the merits" of the appeal to determine if it is "legally meritorious or equitably compelling," the Tenth Circuit stated:

> Appellants maintain that one of their claims implicates the abrogation of serious and fundamental rights. They argue the bankruptcy court violated their due process rights by precluding them from filing claims objections. As a result, they assert they are "confronted with an adversary proceeding seeking damages exceeding $100 million without ever being permitted to challenge the damage component of the claims asserted against them." Appellants also point to the district court's conclusion that one of their other claims appeared to have some merit.
>
> Appellants do not explain how they are prevented from defending against the claims filed against them, including the extent of the damages alleged, in the adversary proceedings. Nor have they shown that the district court abused

---

[3]The Court initially dismissed the appeal on June 10, 2009, Docket No. 63, but the Tenth Circuit remanded the matter with instructions to apply the equitable mootness factors set forth in *In re Paige*, 584 F.3d 1327 (10th Cir. 2009). Docket No. 75.

> its discretion in concluding that, unlike the claims at issue in [*In re Paige*, 584 F.3d 1327 (10th Cir. 2009)], Appellants' appeal issues do not raise "serious conflicts of interest" or other issues that "go to the very integrity of the bankruptcy process."

394 F. App'x at 494 (internal citations omitted).

### B. Adversary Proceeding

In September 2008, plaintiffs commenced an adversary proceeding against the Sutton defendants. Case No. 08-01593-EEB. In the adversary proceeding, plaintiffs allege that Sutton and certain other defendants engaged in extensive financial malfeasance in breach of their duties to the debtor entities, including making fraudulent transfers. *Id.*, Docket No. 129.

On November 17, 2008, the Sutton defendants filed a motion to dismiss the adversary proceeding. *Id.*, Docket No. 58. The motion to dismiss argued that the "combined effect of confirmation of the Plan and the pursuit of this adversary proceeding is an insidious attempt to hold Sutton, Potomac and the other Defendants liable for 'damages' (the claims against the consolidated reorganized estates) that they are now powerless to protest." *Id.* at 5.

On March 6, 2009, the bankruptcy court denied the motion to dismiss, finding that the "arguments presented in the [motion to dismiss] do not address sufficiency of Plaintiffs' claims. Instead, the Motion asserts defenses to the claims which are more appropriately addressed at trial." *Id.*, Docket No. 108 at 2.

On June 1, 2009, the Sutton defendants filed a document entitled Renewed Motions to Withdraw Reference and to Dismiss, Separate Motions to Dismiss for Failure to Join Parties Necessary to a Just Adjudication and Failure to Plead Fraud with

Particularity, and Answer and Jury Demand to Second Amended Complaint; this document was filed both in the bankruptcy court and before this Court. Case No. 08-01593-EEB, Docket No. 135; Case No. 09-cv-00088-PAB-CBS, Docket Nos. 15 and 19. In this motion, defendants renewed and incorporated the arguments advanced in the November 17, 2008 motion to dismiss. *Id*. at 2. In addition, the motion included the following:

### III. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(7) and 19(a)

> The Complaint and all claims alleged therein against the Defendants must be dismissed under Fed.R.Civ.P. 12(b)(7) and 19(a) for failure to join and maintain claims against parties (e.g. Howard Klemmer, Phoenix Capital Management and Centrix Funds, LLC) necessary for a just adjudication.

### IV. Motion to Dismiss Under Fed. R. Civ. P. 9(b)

> Those claims in the Complaint that sound in fraud, including the Fifth, Sixth, Seventh and Thirteenth Claims for Relief, must be dismissed under Fed.R.Civ.P. 9(b) for failure to plead such fraud with particularity.

*Id*. The motion does not include any further factual allegations or legal argument regarding Rules 12(b)(7), 19(a), or 9(b). The motion also includes an answer to the second amended complaint, asserts a number of affirmative defenses, and contains a demand for a jury trial. *Id*. at 3-10.

On June 8, 2009, the Court granted in part and denied in part the initial motion [Docket No. 1] to withdraw the reference to the bankruptcy court. Case No. 09-cv-00088-PAB-CBS, Docket No. 20 at 8. The Court granted the motion to the extent it sought to withdraw the reference when the case was ready for trial and denied it to the extent it sought immediate withdrawal of the reference. *Id*. at 8-9. The Court granted in part and denied in part the renewed motions to withdraw the reference [Docket Nos. 15

and 19] "on the same terms as set forth above." *Id*. at 9.  In addition, with respect to the renewed motions to withdraw the reference, the Court stated:

> Since filing their original motion for withdrawal of reference, the Sutton defendants have twice filed papers purporting to contain "Renewed and Restated" motions to withdraw reference [Docket Nos. 15, 19].  While such filings are unnecessary, and improper under the Federal Rules of Civil Procedure, the Local Rules of this District, and my Practice Standards, to the extent these "motions" raise identical issues to the motion for withdrawal of reference, they are encompassed by the discussion and rulings contained in this Order.

*Id*. at 2 n.2.

On July 28, 2009, the bankruptcy court entered a scheduling order setting a deadline for filing dispositive motions of August 1, 2010.  Case No. 08-01593-EEB, Docket No. 156 at 2, ¶ 6.

On January 6, 2011, the Court administratively closed the case pending a motion to reopen in the event that the claims on which the parties had a right to a jury trial were not resolved during pretrial proceedings.  Case No. 09-cv-00088-PAB-CBS, Docket No. 21.  On December 22, 2011, plaintiffs filed a motion to reopen the case and set dates for trial.  Docket No. 22.  On February 9, 2012, the Court granted the motion in part and reopened the case.  Docket No. 23.  On January 29, 2013, plaintiffs moved the Court to set the case for trial.  Docket No. 28.  The Sutton defendants did not file an objection to plaintiffs' motions to reopen the case and set a trial date.  On September 19, 2013, the parties submitted a proposed final pretrial order in which the Sutton defendants first raised before the Court the issue of the purportedly pending motions.  Docket No. 70 at 12-13.  On September 26, 2013, the Court set this matter for trial starting April 15, 2014.  Docket No. 72.  On September 27, 2013, the Sutton defendants filed a status

report explaining in greater detail their position regarding the pending motions. Docket No. 73.

On March 19, 2014, the Sutton defendants moved the Court to rule on the June 1, 2009 motions to dismiss. Docket No. 98 at 3, ¶¶ 9-10 ("In light of the fast-approaching commencement of a jury trial (commencing April 15, 2004) which may be affected by the rulings, the Sutton Defendants are constrained respectfully to raise these arguments again and to request prompt rulings thereon.").

## II. ANALYSIS

Plaintiffs contend that the Court ruled on the June 1, 2009 motions to dismiss in its June 8, 2009 Order, in which it found that the motions were "improper under the Federal Rules of Civil Procedure, the Local Rules of this District, and my Practice Standards." Docket No. 109 (citing Docket No. 20 at 2 n.2).

The June 8, 2009 Order did not state that the motions to dismiss were denied. Docket No. 20. At the time that the Court considered these motions, the case was referred to the bankruptcy court, depriving the Court of jurisdiction to rule on any issues other than withdrawal of the reference. *See In re Kashani*, 190 B.R. 875, 885 (9th Cir. BAP 1995) ("Once the district court refers the case to the bankruptcy court, unless the district court withdraws that reference, in whole or in part pursuant to 28 U.S.C. § 157(d), the case is within the subject matter jurisdiction of the bankruptcy court."). Thus, even if the Court had denied the motions to dismiss in June 2009, such a denial would have been without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

Accordingly, the Court turns to the question of whether it is appropriate to

9

consider the merits of the June 1, 2009 motions to dismiss at this time.

### A.  Motion to Dismiss Pursuant to Rule 12(b)(6)

In their Rule 12(b)(6) motion, the Sutton defendants argue that this case must be dismissed because it "seeks to hold Defendants liable for claims to which they cannot object." Docket No. 98-1 at 6.  Their argument proceeds in three parts.  First, they argue that they have a right under the Bankruptcy Code to file claims objections. *Id*. at 6-9.  Second, they argue that, in light of their statutory right, the denial of standing to file such objections deprives them of due process. *Id*. at 9-12.  Finally, they argue that this due process violation renders the bankruptcy court's confirmation of the plan void and, since the adversary proceeding is predicated on the plan, requires dismissal of the entire case. *Id*. at 12-13.

> Under the doctrine of equitable mootness,
>
> a court should decline to hear an appeal of a bankruptcy court's decision where the answers to the following six questions indicate that reaching the merits would be unfair or impracticable: (1) Has the appellant sought and/or obtained a stay pending appeal? (2) Has the appealed plan been substantially consummated? (3) Will the rights of innocent third parties be adversely affected by reversal of the confirmed plan? (4) Will the public-policy need for reliance on the confirmed bankruptcy plan–and the need for creditors generally to be able to rely on bankruptcy court decisions–be undermined by reversal of the plan? (5) If appellant's challenge were upheld, what would be the likely impact upon a successful reorganization of the debtor? And (6) based upon a quick look at the merits of appellant's challenge to the plan, is appellant's challenge legally meritorious or equitably compelling?

*In re Paige*, 584 F.3d at 1339.

The doctrine of issue preclusion bars relitigation of specific issues when (1) there has been a final adjudication on the merits of (2) an issue identical to one in the current

proceeding, and (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the previous adjudication in which he or she had (4) a full and fair opportunity to litigate the issue.  *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009).

The Rule 12(b)(6) motion is premised on the contention that the chapter eleven plan violates the Sutton defendants' right to due process because it denies them standing to object to claims filed by other creditors.  *See* Docket No. 98-1 at 12-13.  Thus, as the bankruptcy court found in its September 11, 2008 Order, "[i]n essence, [the Sutton defendants] are requesting that the Court reconsider its order of confirmation, at least as to the standing provisions in the plan."  Case No. 06-16403-EEB, Docket No. 2350 at 4.

The Court ruled in February 2010 that the appeal filed by Sutton, Potomac, and Centrix Consolidated, LLC–which was based on the same legal argument as the Rule 12(b)(6) motion–was equitably moot.  Case No. 08-cv-01130-PAB, Docket No. 92.  The Tenth Circuit affirmed this ruling.  *See In re Centrix Financial LLC*, 394 F. App'x 485.  With respect to the merits of the constitutional challenge, the Tenth Circuit found that defendants failed to "explain how they are prevented from defending against the claims filed against them, including the extent of the damages alleged in the adversary proceedings" and failed to show "that the district court abused its discretion in concluding that" defendants "do not raise 'serious conflicts of interest' or other issues that 'go to the very integrity of the bankruptcy process.'"  *Id*. at 494 (internal citations omitted).

The elements of issue preclusion are satisfied with respect to Sutton, Potomac, and Centrix Consolidated, LLC.  First, the Tenth Circuit's decision constitutes a final

11

adjudication on the merits.  Second, the issue raised on appeal–whether the chapter eleven plan deprives the Sutton defendants of due process–is identical to the issue raised in the Rule 12(b)(6) motion.  *Compare In re Centrix Financial*, 394 F. App'x at 494 (Appellants "argue the bankruptcy court violated their due process rights by precluding them from filing claims objections.  As a result, they assert they are 'confronted with an adversary proceeding seeking damages exceeding $100 million without ever being permitted to challenge the damage component of the claims asserted against them.'") *with* Docket No. 98-1 at 5 ("The combined effect of confirmation of the Plan and the pursuit of this adversary proceeding is an insidious attempt to hold Sutton, Potomac and the other Defendants liable for 'damages' (the claims against the consolidated reorganized estates) that they are now powerless to protest.").  Third, Sutton, Potomac, and Centrix Consolidated, LLC were parties to the appeal.  Fourth, Sutton, Potomac, and Centrix Consolidated, LLC had a full and fair opportunity to litigate this issue on appeal from the bankruptcy court.

Any Sutton defendants who are in privity with Sutton, Potomac, or Centrix Consolidated, LLC are likewise precluded from re-litigating this issue.  *See Pelt v. Utah*, 539 F.3d 1271, 1281-82 (10th Cir. 2008).  However, even if the remaining Sutton defendants are not in privity with the parties who appealed the plan confirmation order, the conclusion that the current challenge to the plan is equitably moot would apply to them as well because the Sutton defendants have not set forth any factual or legal basis for arriving at a different conclusion.  The Sutton defendants do not address the doctrine of equitable mootness or challenge the Court's previous findings supporting application of the doctrine in this case.  The fact that nearly five years have passed

since the bankruptcy court confirmed the plan would only strengthen the basis upon which the Court's earlier decision rests.  *See In re Paige*, 584 F.3d at 1347 ("[a]s a practical matter, completed acts in accordance with an unstayed order of the bankruptcy court must not thereafter be routinely vulnerable to nullification if a plan of reorganization is to succeed.") (citation omitted).  Thus, there is no reason for the Court to arrive at a different conclusion if it were to address the merits of the Rule 12(b)(6) motion with respect to the other Sutton defendants.

In sum, the issues raised by the Rule 12(b)(6) motion have already been decided and there is no basis for the Court to consider them anew.

### B.  Motions to Dismiss Pursuant to Rules 12(b)(7) and 9(b)

The motions to dismiss pursuant to Rules 12(b)(7) and 9(b) each consist of a single sentence setting forth the relief requested without any factual or legal basis. Docket No. 98-3 at 2.  This is insufficient.  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Intrawest ULC*, No. 13-cv-00079-PAB-KMT, 2014 WL 1016072, at *2 (D. Colo. Mar. 14, 2014) ("The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence.") (internal citation omitted).  The Court has no obligation to conjure reasons and legal support for the motions.

Since these motions do not provide any basis for relief, the Court will grant the renewed motion for a ruling in order to deny these motions on their merits.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Renewed Request for Ruling on Rule 12(b) "Motion to Dismiss" [Docket No. 98] is GRANTED in part and DENIED in part. It is granted with respect to the Motion to Dismiss Under Fed. R. Civ. P. 12(b)(7) and 19(a) and the Motion to Dismiss Under Fed. R. Civ. P. 9(b) [Docket No. 98-3 at 2, ¶¶ III-IV]. These motions are denied. The renewed request for a ruling is denied with respect to the Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) [Docket No. 98-3 at 2, ¶ II].

DATED April 2, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge