IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00088-PAB-CBS

In re: CENTRIX FINANCIAL, LLC, et al.,

Debtors,

CENTRIX FINANCIAL LIQUIDATING TRUST, et al.,

    Plaintiffs,

v.

ROBERT E. SUTTON, et al.,

    Defendants.

_____

**ORDER**
_____

    This matter comes before the Court on the Motion to Reopen Case [Docket No. 147] filed by plaintiff Jeffrey A. Weinman in his capacity as trustee of plaintiff Centrix Liquidating Trust (the "Trust").  The Trust informs the Court that the parties directly affected by this motion do not oppose the relief requested.  Docket No. 148 at 1.

    The Trust initiated an adversary proceeding against defendants in the bankruptcy court on September 3, 2008.  *See* Bankruptcy Case No. 08-01593-EEB (Docket No. 1).  Broadly speaking, the Trust alleged that Robert Sutton induced credit unions to provide funds to the debtors and used those funds for his personal expenses.  *See id.*  On April 11, 2014, the parties executed a settlement agreement and sought dismissal of this case.  *See* Docket No. 145 at 2-3.  The Court dismissed the case, but retained jurisdiction over it to enforce the terms of the settlement agreement.  Docket

No. 146.

In the instant motion, the Trust does not seek to enforce the settlement agreement. Rather, the Trust seeks an order reopening the case so that the Trust may pursue an investigation into certain financial disclosures provided by defendants during the course of settlement. Docket No. 147 at 1. According to the trustee, after dismissal of this case, the Trustee discovered that financial disclosures provided during the course of settlement negotiations may have been materially false. Docket No. 147-1 at 3. The Trustee sought a production of documents from entities purportedly controlled by defendant Robert Sutton and/or defendant David Sutton, but the entities refused and sought a protective order in the underlying bankruptcy action. *Id.* On July 22, 2015, following a hearing, the bankruptcy court denied the motion for a protective order without prejudice due to concerns that, due to the Court's retention of jurisdiction to enforce the settlement agreement, the bankruptcy court lacked jurisdiction to rule on the motion. Bankruptcy Case No. 06-16403-EEB (Docket No. 3104 at 1). The bankruptcy court "invited the parties to seek a ruling from the District Court or reference of these matters back to [the bankruptcy court]." *Id.*

In the instant motion, the Trust seeks an order reopening the case, after which the Trust will file a motion for entry of an order referring matters to the bankruptcy court. Docket No. 147 at 2.

Good cause having been shown to reopen this matter for the limited purpose described in the Trust's motion, it is

**ORDERED** that the Motion to Reopen Case [Docket No. 147] filed by plaintiff

Jeffrey A. Weinman, as trustee of plaintiff Centrix Liquidating Trust, is **GRANTED**.  It is further

**ORDERED** that, no later than ten days following the entry of this Order, plaintiffs shall file a motion for entry of order referring matters to the United States Bankruptcy Court for the District of Colorado.

DATED November 12, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge