IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 09-cv-00088-PAB-CBS

In re: CENTRIX FINANCIAL, LLC, et al.,

Debtors,

CENTRIX FINANCIAL LIQUIDATING TRUST, et al.,

    Plaintiffs,

v.

ROBERT E. SUTTON, et al.,

    Defendants.
_____

**ORDER**
_____

This matter comes before the Court on the Motion to Set Aside Dismissal and Reopen Case [Docket No. 157] filed by plaintiff Jeffrey A. Weinman in his capacity as trustee of plaintiff Centrix Financial Liquidating Trust (the "Trust").

**I. BACKGROUND**

The Trust initiated an adversary proceeding against defendants in the bankruptcy court on September 3, 2008. *See* Docket No. 1 (Bankruptcy Case No. 08-01593-EEB). Broadly speaking, the Trust alleged that Robert Sutton induced credit unions to provide funds to the debtors and used those funds for his personal expenses. *See id.* This Court subsequently withdrew the reference to the bankruptcy court and set the case for trial. Docket Nos. 20, 23. On April 11, 2014, four days before the trial was set to begin, the parties executed a settlement agreement and sought dismissal of this

case. *See* Docket No. 145 at 2-3. The Court dismissed the case, but retained jurisdiction to enforce the terms of the settlement agreement. Docket No. 146.

The Trust now seeks to reopen the case in order to enforce the settlement agreement pursuant to Fed. R. Civ. P. 60(b)(6), which provides that the Court may "[o]n motion and just terms . . . relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." According to the trustee, defendants submitted materially false financial statements in order to induce settlement of this case in 2014. Docket No. 157 at 3-5. Under the terms of the settlement agreement,

> If Plaintiffs establish to the satisfaction of the District Court . . . that the Financial Disclosure is materially false in any respect . . . then (a) Sutton, and (b) any other individual or entity who made one or more materially false statements, as the case may be, consents, at the option of Plaintiffs (or their assignee), to vacate the dismissal order . . . and entry by the District Court . . . of a non-dischargeable judgment in favor of Plaintiffs (or their assignee), in the amount of Fifteen Million Dollars and Zero Cents ($15,000,000.00), and waives all defenses or objections that might otherwise be interposed to entry of such judgment except for the truth and materiality of the matter claimed to be false . . . .

Docket No. 160-1 at 3, ¶ 4. The trustee seeks to reopen the case "for the Court to consider the Trust's claims that [defendants'] financial disclosures were materially false, and to enforce the provisions of the [settlement agreement] triggered by that showing." Docket No. 157 at 6. The trustee alleges that defendants' financial statements were materially false, as they misrepresented their (a) family holdings, (b) available funds, (c) trust assets, (d) income, (e) controlling interest in an entity called Nanosphere Health Sciences, LLC ("Nanosphere"), (f) funding of Nanosphere, (g) non-family transfers, and (h) employment status. *Id*. at 3-5.

One day before filing this motion, the Trust filed a new civil action against Robert Sutton, his family members, and related entities. *See Centrix Fin. Liquidating Trust v. Sutton*, No. 18-cv-02769-RBJ ("*Sutton II*"); Docket No. 157-1 (copy of complaint in *Sutton II*). The *Sutton II* complaint alleges that, in July 2018, "the Trust learned that the financial disclosures the Suttons submitted" at the time of the settlement agreement "were materially false in virtually every respect." Docket No. 157-1 at 7, ¶ 62. Plaintiffs further allege that plaintiffs "created an entirely new network of entities to shield their assets." *Id*. at 2. Plaintiffs represent that at least one purpose of the claims in *Sutton II* is "to ensure that all the Sutton entities are within the Court's jurisdiction to locate assets wrongfully transferred to avoid judgment." *Id*. at 8, ¶ 64. Consequently, in *Sutton II*, plaintiffs name as defendants some parties who are not defendants in *Sutton I*. *Id*. at 1.[1]

## II. LEGAL STANDARD

Relief under Fed. R. Civ. P. 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Under Rule 60(b)(6), the Court may relieve a party or its legal representative from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722

---

[1] The overlapping defendants in both this action and *Sutton II* are Robert, Julie, David, and Kate Sutton, the Julie L. Sutton Revocable Trust, and Willison Holdings, Ltd. There are twenty-one new defendants in *Sutton II*, based on the initial complaint. *See* Docket No. 157-1 at 1. The new defendants are eighteen entities along with three individuals who plaintiffs allege assist the Suttons in their asset transfers. *See id*. at 3-4, ¶¶ 3-27.

3

(10th Cir. 1975) (en banc) (citation omitted). Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996). Courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," where a party is indigent, or when it offends justice to deny such relief. *Id.* at 579; *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231-32 (10th Cir. 1999). As relevant here, courts have used Rule 60(b)(6) to undo or enforce a settlement agreement between the parties. *See Chief Freight Lines Co. v. Local Union No. 886*, 514 F.2d 572 (10th Cir. 1975); *see also* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2864 (3d ed.) (noting that courts rely on Rule 60(b)(6) particularly "when the court in dismissing the original case has incorporated the settlement terms in its order or otherwise retained continuing jurisdiction").[2]

## III. ANALYSIS

The Court finds that plaintiffs (the Trust and the trustee) are entitled to relief under Rule 60(b)(6). As the trustee represents – and defendants do not challenge – plaintiffs settled this suit "based on [defendants'] representations that they had no appreciable assets for [p]laintiff[s] to pursue." *See* Docket No. 157 at 2. In the settlement agreement, the parties agreed that the Court would retain jurisdiction to set

---

[2] In *Chief Freight Lines*, the district court dismissed the action without prejudice when the parties filed a stipulated withdrawal of the action and agreed to proceed to arbitration. 514 F.2d at 575. After a dispute arose in the arbitration proceeding, the district court reopened the action, relying on Fed. R. Civ. P. 60(b)(6). *Id*. at 576. The Tenth Circuit affirmed, rejecting appellants' argument that "the [c]ourt could not reopen a case that had been previously dismissed without prejudice." *Id*.

aside the dismissal and enforce a liquidated damages judgment in favor of plaintiffs if the Court found that defendants' financial disclosures were "materially false in any respect." *See* Docket No. 160-1 at 3, ¶ 4. Plaintiffs have alleged facts that, if proven, would demonstrate that defendants' financial disclosures were "materially false." *See* Docket No. 157 at 3-5, Docket No. 157-1 at 7-8, ¶¶ 57-64.

Defendants argue that two legal doctrines compel the Court to deny plaintiffs' motion: the doctrine of election of remedies and the first-to-file rule. Docket No. 160. Neither argument is persuasive.

First, defendants argue that recovery for plaintiffs in this action would implicate the election of remedies doctrine. Docket No. 160 at 4-5. Defendants contend that, by filing a suit against similar defendants in *Sutton II*, plaintiffs have "elected actual damages" and are consequently "estopped from seeking to reopen this case." *Id*. at 5.

The election of remedies doctrine exists in Colorado to prevent a plaintiff from recovering twice for the same wrong, *Stewart v. Blanning*, 677 P.2d 1382, 1383-84 (Colo. App. 1984), to prevent jury confusion and promote judicial efficiency, *Kline Hotel Partners v. Aircoa Equity Interests, Inc.*, 729 F.Supp. 740, 743 (D. Colo. 1990), and to preclude the assertion of mutually inconsistent remedial theories on the same set of facts, *Kalish v. Brice*, 315 P.2d 829, 831 (Colo. 1957).[3] "Election of remedies is a harsh doctrine which should not be unduly extended." *Stewart*, 677 P.2d at 1383.

---

[3] Colorado law governs the settlement agreement through a choice-of-law clause. Docket No. 160-1 at 5, ¶ 10. As both parties assume that Colorado's election of remedies doctrine applies, the Court proceeds under the same assumption. *Cf. Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.").

The Court finds that defendants have failed to show that the doctrine of election of remedies should be invoked. *See Donner v. Nicklaus*, 778 F.3d 857, 876 (10th Cir. 2015) ("An election of remedies is an affirmative defense." (citing *Kuhl v. Hayes*, 212 F.2d 37, 39 (10th Cir. 1954)). The Court is not convinced that plaintiffs filing a parallel lawsuit is equivalent to an immediate election of remedies that would bar plaintiffs from seeking liquidated damages in this action. *Cf. Kline Hotel*, 729 F. Supp at 743 (trial judge has discretion as to when to require plaintiff to elect a remedy). Moreover, defendants have not shown that "the remedies sought [by plaintiff] are inconsistent and contradictory." *See Lakeside Ventures, LLC v. Lakeside Dev. Co.*, 68 P.3d 516, 519 (Colo. App. 2002). Plaintiffs' theory in this motion is that defendants hid their assets in order to appear judgment-proof, inducing plaintiffs to settle their claims. In their initial complaint in *Sutton II*, plaintiffs represent that the case is brought "to untangle the [asset-shielding] scheme and to name [new] [d]efendants who conspired . . . to hide tens of millions of dollars in assets." Docket No. 157-1 at 2. *Sutton II* implicates neither the same set of defendants nor the same claims as this case – in other words, plaintiffs seek a remedy for a different wrong in each case.

Defendants cite *Ravenstar, LLC v. One Ski Hill Place, LLC*, 401 P.3d 552, 556 (Colo. 2017), for the proposition that "a party with an option to pursue liquidated damages or actual damages must elect between the two remedies." Docket No. 160 at 5. In *Ravenstar*, the *contract* between the parties gave the non-breaching party the option to pursue either liquidated or actual damages, consistent with the principle that a party may not both accept the benefit of and renounce a contract. *See Ravenstar*, 401

P.3d at 556 n.3 (citing 24 Richard A. Lord, *Williston on Contracts* § 65:32 (4th ed. 2002)). In contrast, the settlement agreement contains only a liquidated damages provision. *See* Docket No. 160-1 at 3. *Ravenstar* did not involve a situation where, as here, the non-breaching party sought actual damages against non-parties to the contract. Defendants offer no explanation why filing a lawsuit in pursuit of actual damages from non-parties to the settlement agreement in *Sutton II* would bar plaintiffs from seeking liquidated damages from the settlement agreement in this case. Therefore, at this stage, defendants have not shown that there is a basis for invoking election of remedies to bar plaintiffs from proceeding in this action.[4]

Second, defendants argue that the "first-to-file" rule bars the Court from reopening this case. Docket No. 160 at 6-7. The first-to-file rule applies "when two district courts have jurisdiction over the same controversy, affording deference to the first filed lawsuit." *Lipari v. U.S. Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009) (unpublished); *see also Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (recognizing general rule that "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case"). The rule is a discretionary doctrine, resting on "principles of comity and sound judicial administration" and is concerned with avoiding duplicative litigation, rulings which impinge on the authority of sister courts, and piecemeal litigation. *Cadle Co v.*

---

[4] By this ruling, the Court does not foreclose defendants from asserting election of remedies at a later date, when this case and *Sutton II* are more thoroughly developed and the possibility of duplicative recovery is clearer. The Court notes that election of remedies does not apply "when an offset in the amount of the final judgment will prevent a double recovery." *See Singer v. Strauss*, 851 P.2d 256, 258 (Colo. App. 1993).

*Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). As a result, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Id*.; *accord Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1165 (N.D. Okla. 2010). Courts generally hold that the threshold determination under the first-to-file rule requires analysis of three considerations: "(1) the chronology of events; (2) the similarity of the parties involved; and (3) the similarity of the issues or claims at stake." *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) (citing *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016)).

      The Tenth Circuit does not appear to have directly considered the appropriate roles of the first-filed and second-filed courts in applying the first-to-file rule. Courts confronted with the issue have suggested that the proper course is for the second-filed court to make the initial determination of whether the two actions substantially overlap. *See Nash*, 724 F. Supp. 2d at 1166 (citing *Cadle*, 174 F.3d at 605). If a second-filed court decides that question in the affirmative, it may stay the case, transfer it to the first-filed court, or, in rare cases, dismiss the case entirely; it then falls to the first-filed court "to determine whether subsequently filed cases involving substantially similar issues should proceed." *Cadle*, 174 F.3d at 606 (quotations omitted); *see also Nash*, 724 F. Supp. 2d at 1167 ("This general rule of deference includes deferring to first-filed courts for the application of any equitable exceptions to the first-to-file rule, once the second-filed court has determined that there is sufficient overlap between the two cases."). The Court finds this approach prudent and consistent with the principles of

comity and proper judicial administration. *See Crocs, Inc. v. Cheng's Enters., Inc.*, No. 06-cv-00605-PAB-KMT, 2015 WL 5547389 at * 3 (D. Colo. Sept. 21, 2015) (adopting this approach and collecting cases).

Defendants argue for the application of the first-to-file bar here based on the novel argument that this case is the second-filed action and *Sutton II* is, in fact, the first-filed action. *See* Docket No. 160 at 7. Defendants arrive at this conclusion by using October 30, 2018 – the date the instant motion was filed – as the date this litigation was "filed." *See id*. For purposes of the first-to-file rule, jurisdiction "relates back to the filing of the complaint." *See Hospah Coal*, 673 F.2d at 1163; *Wakaya Perfection*, 910 F.3d at 1126 (analyzing *Hospah Coal* and affirming that the comparison for concurrent cases is "the date that the complaint was filed"). This action was filed on January 16, 2009, more than ten years before *Sutton II*. *See* Docket No. 1. Accordingly, this is the first-filed action, and the Court will not apply the first-to-file rule to bar the trustee from reopening this case.

## IV.  CONCLUSION

The trustee has shown good cause to reopen this matter for the purpose described in the Trust's motion.[5] Therefore, it is

**ORDERED** that the Motion to Set Aside Dismissal and Reopen Case [Docket

---

[5] Defendants seek attorneys' fees pursuant to 28 U.S.C. § 1927 on the grounds that plaintiffs "willfully, recklessly, unreasonably, vexatiously, and in bad faith multiplied the proceedings." Docket No. 160 at 8. Defendants' motion is not compliant with the Local Rules. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response . . . to the original motion."). Even if the motion were properly made, defendants have failed to show that plaintiffs' conduct "multiplie[d] the proceedings . . . unreasonably and vexatiously," as § 1927 requires.

No. 157] filed by plaintiff Jeffrey A. Weinman, as trustee of plaintiff Centrix Financial Liquidating Trust, is **GRANTED**. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 60(b)(6), the Court's order dismissing the case [Docket No. 146] is vacated and this case is reopened. It is further

**ORDERED** that plaintiffs shall, no later than October 21, 2019, file a motion to enforce the settlement agreement, or the Court's order dismissing the case will be reinstated and the case will be administratively closed.

DATED September 6, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge